IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case: 1:23-mj-00341<br>Assigned To : Meriweather, Robin M.<br>Assign. Date : 12/7/2023<br>Description: COMPLAINT W/ARREST WARRANT |
| v. | VIOLATIONS: |
| KYLE ANDREW CAMPBELL, | 18 U.S.C. § 111(a)(1)<br>(Assaulting, Resisting, or Impeding Certain Officers) |
| Defendant. | |
| | 18 U.S.C. § 231(a)(3)<br>(Civil Disorder) |
| | 18 U.S.C. § 1751(a)(1)<br>(Entering and Remaining in a Restricted Building or Grounds) |
| | 18 U.S.C. § 1752(a)(2)<br>(Disorderly and Disruptive Conduct in a Restricted Building or Grounds) |
| | 18 U.S.C. § 1752(a)(4)<br>(Act of Physical Violence in a Restricted Building or Grounds) |
| | 40 U.S.C. § 5104(e)(2)(D)<br>(Disorderly or Disruptive Conduct in the Capitol Grounds or Building ) |
| | 40 U.S.C. § 5104(e)(2)(F)<br>(Act of Physical Violence in the Capitol Grounds or Building ) |

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
AND ARREST WARRANT**

I, Bradley Hajdin, being first duly sworn, hereby depose and state as follows:

**PURPOSE OF AFFIDAVIT**

1. I make this affidavit in support of an application for an arrest warrant for KYLE ANDREW CAMPBELL.

1

## AGENT BACKGROUND

2.     Your affiant, ▮▮▮▮▮▮▮▮, is a Special Agent assigned to FBI's Joint Terrorism Task Force (JTTF) in Cincinnati, Ohio, Columbus Resident Agency. In my duties as a Special Agent, I investigate International and Domestic Terrorism Offenses. Currently, I am tasked with investigating criminal activity in and around the Capitol grounds on January 6, 2021. As a Special Agent, I am authorized by law or by a Government agency to engage in or supervise the prevention, detention, investigation, or prosecution of a violation of Federal criminal laws.

## BACKGROUND

3.     The United States Capitol is secured 24 hours a day by United States Capitol Police ("USCP"). Restrictions around the United States Capitol include permanent and temporary security barriers and posts manned by USCP. Only authorized people with appropriate identification are allowed access inside the United States Capitol. On January 6, 2021, the exterior plaza of the United States Capitol was also closed to members of the public.

4.     On January 6, 2021, a joint session of the United States Congress convened at the United States Capitol, located at First Street SE, in Washington, D. C. During the joint session, elected members of the United States House of Representatives and Senate met in the United States Capitol to certify the vote count of the Electoral College for the 2020 Presidential Election, which took place on November 3, 2020. The joint session began at approximately 1:00 p.m. Shortly thereafter, by approximately 1:30 p.m., the House and Senate adjourned to separate chambers to resolve a particular objection. Vice President Michael R. Pence was present and presiding, first in the joint session, and then in the Senate chamber.

5.     As the proceedings continued in both the House and the Senate, and with Vice President Pence present and presiding over the Senate, a large crowd gathered outside the United

States Capitol. As noted above, temporary and permanent barricades were in place around the exterior of the United States Capitol building and USCP were present, attempting to keep the crowd away from the Capitol building and the proceedings underway inside.

6. At such time, the certification proceedings were underway, the exterior doors and windows of the Capitol were locked or otherwise secured. Members of the USCP attempted to maintain order and keep the crowd from entering the Capitol; however, around 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol, including by breaking windows and by assaulting members of the USCP, as others in the crowd encouraged and assisted those acts.

7. Shortly thereafter, at approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Pence, were instructed to—and did—evacuate the chambers. Accordingly, the joint session of the United States Congress was effectively suspended until shortly after 8:00 p.m. Vice President Pence remained in the United States Capitol from the time he was evacuated from the Senate Chamber until the sessions resumed.

8. During national news coverage of the aforementioned events, video footage which appeared to be captured on mobile devices of persons present on the scene depicted evidence of violations of local and federal law, including scores of individuals inside the United States Capitol building without authority to be there.

**STATEMENT OF FACTS SUPPORTING PROBABLE CAUSE**

9. As part of its investigation of United States Capitol video footage, the FBI Washington Field Office's Violent Crimes Task Force identified an unknown male (SUBJECT 1) who was wearing a black jacket with a fur-trimmed hood amongst rioters who were attempting to overwhelm officers by breaching a police barricade on the Lower West Terrace of the Capitol on

January 6, 2021. SUBJECT 1 (circled in red) can be seen pushing officers in multiple instances throughout video footage collected at the Capitol (see figures 1-4 below).



Figure 1



Figure 2



Figure 3



Figure 4

10. Seeking the public's assistance in identifying those who made unlawful entry into the Capitol, the FBI created bolos utilizing images of unknown subjects compiled from the footage. Bolo 521-AFO was created using images of SUBJECT 1 (Figure 5).



Figure 5

11. The FBI sought to identify SUBJECT 1 using open-source research and a pay-for-use facial comparison tool. Possible matches were made to the images below (see figures 6-7 below). These images were linked with identifiers related to an individual known as KYLE ANDREW CAMPBELL. The FBI subsequently searched law enforcement databases for KYLE ANDREW CAMPBELL, and identified a driver's license photo (Figure 8) which FBI personnel believed matched the photo of SUBJECT 1.



Figure 6



Figure 7



Figure 8

12. On or about April 8, 2022, a concerned citizen (C-1) provided a tip to the FBI regarding the potential identity and employment of SUBJECT 1. C-1 identified SUBJECT 1 as KYLE CAMPBELL who was employed by Allstate Insurance in Columbus, Ohio. C-1 also provided an image of CAMPBELL (Figure 9).



Figure 9

13. On or about April 15, 2022, a concerned citizen (C-2) provided a tip to the FBI identifying SUBJECT 1 as KYLE ANDREW CAMPBELL of Columbus, Ohio. C-2 noted that the coat worn by SUBJECT 1 on January 6 was identical to one worn by CAMPBELL on his social media accounts. C-2 provided identifying information for CAMPBELL, including his employment at the Frank A. Lengal Jr. Allstate Insurance office in Columbus, Ohio.

14. In May 2022, the FBI opened an investigation of CAMPBELL based on the multiple tips it received regarding him being involved with the events at the U.S. Capitol on January 6, 2021. As part of its investigation, the FBI conducted a facial recognition query of an image of CAMPBELL against archived open-source footage from January 6, 2021. The queries

yielded several photos of CAMPBELL (circled in yellow) outside the U.S. Capitol building on January 6, 2021, including photos of CAMPBELL moving past snow fencing erected by U.S. Capitol Police as part of the Restricted Perimeter around the U.S. Capitol (see figures 10-12 below).



Figure 10



Figure 11



Figure 12

15.     In connection with its investigation, on or about February 3, 2023, the FBI interviewed CAMPBELL regarding his activities at the U.S. Capitol on January 6, 2021. CAMPBELL advised that he did travel with an associate to the U.S. Capitol on January 6, 2021. CAMPBELL stated that he was close to the police line before he was pushed into it from behind, causing the police to push him back. He stated that he was not the aggressor in this situation and moved aside after getting sprayed by police. Once the police line had broken, CAMPBELL and his associate walked toward the Capitol building and milled around for approximately 45 minutes, after which the pair returned to Columbus, Ohio.

## CONCLUSION

16.     Based on the foregoing, your Affiant submits that there is probable cause to believe that KYLE ANDREW CAMPBELL violated:

  a. 18 U.S.C. §§ 111(a)(1) (Assaulting, Resisting, or Impeding Certain Officers or Employees), which makes it crime to forcibly assault, resist, opposes impede, intimidate, or interfere with any person designated in section 1114 of Title 18 while engaged in or on account of the performance of official duties,. For purposes of Section 1114 of Title 18, a designated person means any officer or employee of the United States while engaged in the performance of official duties, or any person assisting such an officer or employee in the performance of such duties;

  b. 18 U.S.C. § 231(a)(3) (Civil Disorder), which makes it unlawful to commit or attempt to commit any act to obstruct, impede, or interfere with any fireman or law enforcement officer lawfully engaged in the lawful performance of his official duties incident to and during the commission of a civil disorder which in any way or degree obstructs, delays, or adversely affects commerce or the movement of any article or commodity in commerce or the conduct or performance of any federally protected function. For purposes of Section 231 of Title 18, a federally protected function means any function, operation, or action carried out, under the laws of the United States, by any department, agency, or instrumentality of the United States or by an officer or employee thereof. This includes the Joint Session of Congress where the Senate and House count Electoral College votes;

  c. 18 U.S.C. § 1752(a)(1), (2), and (4) (Entering and Remaining in a Restricted Building or Grounds, Disorderly and Disruptive Conduct in a Restricted Building and Grounds, and Act of Physical Violence in a Restricted Building or Grounds), which makes it a crime to (1) knowingly enter or remain in any restricted building or grounds without lawful authority to do; and (2) knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engage in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or

disrupts the orderly conduct of Government business or official functions; and (4) knowingly engages in any act of physical violence against any person or property in any restricted building or grounds; or attempts or conspires to do so. For purposes of Section 1752 of Title 18, a "restricted building" includes a posted, cordoned off, or otherwise restricted area of a building or grounds where the President or other person protected by the Secret Service, including the Vice President, is or will be temporarily visiting; or any building or grounds so restricted in conjunction with an event designated as a special event of national significance; and 40 U.S.C. § 5104(e)(2), (D) and (F) (Disorderly or Disruptive Conduct in the Capitol Grounds or Building and Act of Physical Violence in the Capitol Grounds or Building), which makes it a crime to willfully and knowingly (D) utter loud, threatening, or abusive language, or engage in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress and (F) engage in an act of physical violence in the Grounds or any of the Capitol Buildings.

Special Agent

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone, this 07 day of December 2023.

Robin M. Meriweather, U.S. MAGISTRATE JUDGE